UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EUGENE HATHON TAYLOR, IV** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-812** |
| **ROCKSTAR GAMES, INC., ET AL.** | **SECTION: "J"(5)** |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff, Eugene Hathon Taylor, IV, filed the above-captioned matter in this Court in which he sues Defendant Rockstar Games, Inc., Terry Donovan, Kevin Hoare, Jamie King, Dan Houser, and Gary Foreman ("Defendants"). (Rec. doc. 1). However, his Complaint is devoid of any factual allegations to put Defendants on notice of the claims against them. Accordingly, this Court order Plaintiff to show cause in writing by Wednesday, May 1, 2024 as to why this case should not be summarily dismissed for failure to state a cause of action under 28 U.S.C. § 1915(e)(2)(B)(i-iii). Plaintiff di not respond to this Court's Order.

The Court permitted Plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. § 1915(a). (Rec. doc. 3). However, summons did not issue in order to allow the Court to review Plaintiff's Complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. On its face, Plaintiff's Complaint fails to meet the requirements of the statute. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face. See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding *in forma pauperis* is not new).

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> * * *
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). In plain language, Section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted. A claim is "frivolous" when it lacks an arguable basis either in law or in fact. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989). "[A] complaint fails to state a claim upon which relief may be granted when it does not contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In his Complaint, the only Statement of Claim that Plaintiff provides is "Rockstar Games as a company [as] well as Homeland Security as a Government [h]andles their bussines [sic] without me." (Rec. doc. 1 at 5). And while he contends that "product has sold zillions of net worth over thirty[-]eight years," he fails to specify the nature of the product, any relief that he seeks from any Defendant, or any relationship between himself and the "product" or Defendants. The present Complaint is completely devoid of any factual allegations from which the Court or Defendants could determine the nature of Plaintiff's claims. Plaintiff failed to respond to this Court's show-cause Order, and he thus missed his opportunity to more fully flesh out his claims. The Court warned Plaintiff that failure to

respond to the show-cause Order may result in the dismissal of his Complaint. (Rec. doc. 3). That time is now. From the face of the Complaint before this Court, Plaintiff has failed to state a claim on which relief may be granted. Accordingly,

**IT IS RECOMMENDED** that Plaintiff Eugene Hathon Taylor, IV's Complaint be **DISMISSED WITH PREJUDICE** for failure to state a cause of action under 28 U.S.C. § 1915(e)(2)(B)(i-iii).

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this  6th  day of    May    , 2024.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**